# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 10, 2023

Lyle W. Cayce
Clerk

No. 22-10187

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

RUDY AVILA,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:21-cr-168-1

Before CLEMENT, OLDHAM, and WILSON, *Circuit Judges*.

PER CURIAM:*

After years of running a scheme that defrauded dozens of victims, Rudy Avila eventually pleaded guilty to a single count of wire fraud. He was later sentenced to 210 months in prison (followed by three years supervised release) and was ordered to pay $14,955,313 in restitution.

On appeal, Avila argued that the record lacked sufficient evidence to sustain his guilty plea. But after the government supplemented the record

---

* This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 22-10187

pointing to the evidence Avila claimed missing, Avila now concedes that his plea was in fact properly accepted and the issues he raised in his initial brief are resolved.

In his reply brief, however, he now argues that the district court's restitution order violated the Mandatory Victim Restitution Act because it included restitution to an as-of-yet unidentified victim. But Avila failed to challenge the restitution order either before the district court or in his initial brief. Generally, any argument not raised in an opening brief is forfeited. *See United States v. Zuniga*, 860 F.3d 276, 284 n.9 (5th Cir. 2017). While we retain the "discretion to decide legal issues that are not timely raised," *United States v. Myers*, 772 F.3d 213, 218 (5th Cir. 2014), we decline to exercise such discretion now.

The district court is therefore AFFIRMED.[1]

---

[1] The parties disagree about whether Avila's appeal waiver, bars his challenge to his restitution order. Because either way, we decline to address his forfeited issue, we do not address that question either.